Robert J. Maynes, ISB No. 6905
**MAYNES TAGGART PLLC**
P. O. Box 3005
Idaho Falls, ID 83403
Telephone: (208) 552-6442
Facsimile: (208) 524-6095
Email: rmaynes@maynestaggart.com

*Attorney for The Westmoreland Company, Inc.*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re: | Case No. 17-40291 JDP |
|---|---|
| SE/Z CONSTRUCTION, LLC, | Chapter 7 |
| Debtor. | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND
RULE 4001.2 NOTICE**

COMES NOW Creditor The Westmoreland Company, Inc. ("TWC"), by and through its counsel, Maynes Taggart PLLC, and pursuant to 11 U.S.C. § 362(d)(1) and (2), and FRBP 4001(a), respectively moves the Court for an order terminating, annulling and otherwise modifying the automatic stay under 11 U.S.C. § 362(a) to enable the prepetition mechanic's lien litigation in North Dakota to proceed in state court, including to allow TWC and other parties to that litigation to proceed to final judgment (including entry of judgment) as against the Debtor for the purpose of prosecuting and liquidating their claims against the Debtor for all purposes including for purposes of the above-captioned bankruptcy case and shall permit the filing, service and prosecution of counter- and cross-claims against the Debtor in accordance with non-bankruptcy law so that the North Dakota

proceedings may be had and completed in such litigation, and as explained in further detail as follows:[1]

### EXECUTIVE SUMMARY

TWC seeks relief from stay in order to proceed with prepetition, state court litigation. The underlying property is owned by TWC and located in North Dakota. TWC's property is the subject of a North Dakota mechanic's lien action that involves a myriad of non-debtor parties. Relief from stay is appropriate under the *Tucson Estates* factors in order to proceed with that action, as more fully described below.

**I.     Factual Background.**

1. Debtor filed its petition under Chapter 7 of the Bankruptcy Code on April 12, 2017 (the "Petition Date").

2. Prior to the Petition Date, on November 30, 2012 TWC, as the owner of certain real property located at 513 Energy St., Williston, North Dakota 58801 (and more particularly described as Lot 6R of the Rearrangement of Lot 4, Block 4 of the Bakken Industrial Park Addition, Williams County, North Dakota)(the "Williston Property") entered into that certain AGREEMENT FOR FINAL DESIGN AND CONSTRUCTION SERVICES INCLUDING MAXIMUM COST (the "Design/Build Agreement") with the Debtor. A true and correct copy of the Design/Build Agreement is attached to the Second Amended Complaint as Exhibit "A" thereto (the Second Amended Complaint is referenced below and is attached as Exhibit "A" to this Motion).

---

[1] A draft proposed order is attached hereto and incorporated by reference into this Motion.

MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND RULE 4001.2 NOTICE
Page 2 of 13

3.  Pursuant to the Design/Build Agreement, the Debtor agreed to serve as the general contractor to construct a commercial building and related improvements on the Williston Property (hereafter the "Williston Project").

4.  Unfortunately, the Debtor failed to pay its subcontractors on the Williston Project. As a result, the subcontractors filed various liens against TWC's Williston Property.

5.  The Debtor also filed a lien against TWC's Williston Property asserting sums it claims are owed under the contract against TWC that TWC disputes. Specifically, TWC maintains that Debtor contractually agreed to assume all costs of site preparation and at the guaranteed maximum cost set forth in the Design/Build Agreement. Debtor subsequently billed for work in excess of the guaranteed maximum cost and as such TWC has no further obligation to pay. TWC further maintains that the Debtor has a contractual duty to indemnify, defend and hold TWC harmless from all of the claims of lien asserted against the Williston Property.

6.  The liens and/or charges (as of December 4, 2019) against the Williston Property and/or arising from the Williston Project are summarized as follows:

| Lien Claimant | Date of Recordation | Instrument No. | Amount |
| --- | --- | --- | --- |
| Strata Corporation | 11/20/2013 | 774411 | $ 54,120.94 |
| XEC, LLC (aka Xtreme Electric Contractors) | 11/20/2013 | 774453 | 151,526.60 |
| SE/Z Construction, LLC[2] | 12/4/2013 | 775249 | 1,043,125.67 |

---

[2] The Debtor's asserted lien claim is referenced in Schedule A/B. See Dkt. 1, p. 10; see also Schedule E/F, Dkt. 1, p. 37, ¶ 3.98.

MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND RULE 4001.2 NOTICE
Page 3 of 13

| | | | |
|---|---|---|---:|
| American Engineering Testing, Inc. | 12/5/2013 | 775361 | 13,473.20 *Lien released on 3/24/2014* |
| Camp Land Surveyors, LLC | 2/7/2014 | 779330 | 29,164.00 *Lien released on 2/24/2016* |
| Williams Plumbing, Heating and Utilities, Inc. | 3/5/2014 | 781094 | 18,817.15 |
| Cal-Dak Cabinets, Inc. | 3/12/2014 | 781689 | 9,525.00 |
| Fairborn USA, Inc. | 3/21/2014 | 782202 | 27,820.00 *Lien released on 7/23/2014* |
| Wutke, LLC dba Mild Fence Co. | 4/4/2014 | 783086 | 115,036.00 |
| Northern Improvement Company | 4/10/2014 | 783478 | 251,431.00 |
| Ace Fire Protection, LLC | 5/29/2014 | 786416 | 2,616.00 |
| Castles Design Group, P.C. | 12/3/2015 | 816365 | 7,796.08 |
| KLE Construction, LLC | Notice of lien served but not recorded. | | 466,640.08 |
| Sherwin Williams | 12/17/2013 | 776123 | 3,404.93 |
| Sandcreek Welding | Notice of lien served but not recorded. | | 8,983.57 |
| CS Mechanical | Notice of lien served but not recorded. | | 18,817.15 |
| **Total (excluding released liens):** | | **$** | **2,151,840.17** |

7.    In 2013, TWC filed a state court action in North Dakota, *The Westmoreland Company, Inc. v. SE/Z Construction, LLC, et al.*, Case No. 53-2013-CV-01395 (the "ND Action") seeking a declaration of its rights and responsibilities, seeking relief against the Debtor and a discharge of all liens. A true and correct copy of TWC's Second Amended Complaint is attached hereto as Exhibit "A".

8. As more particularly described in the Second Amended Complaint, TWC has suffered damages as a result of the foregoing liens. Further, pursuant to the Design/Build Agreement, the Debtor has a duty to indemnify and hold TWC harmless from all liens (See the Second Amended Complaint, Exhibit "A" thereto at p. 25 (Exhibit E to the Design/Build Agreement), General Conditions, Section III.R). TWC has incurred substantial fees and costs associated with the ND Action and will continue to incur costs until the ND Action is resolved and the liens discharged. As noted in TWC's Proof of Claim, (POC 24), such fees and costs are the obligation of the Debtor and are secured by the amount of the unpaid contract balance. POC 24 at p. 2 (noting a claim of "$470,423.20 plus future indemnity and defense costs").

9. The lien claimants in the ND Action, including the Debtor, filed their respective Answers, Counterclaims, and Crossclaims seeking to foreclose their respective liens and determine their respective claims against each other. For example, true and correct copies of a selection of the respective pleadings in the ND Action are attached hereto as follows:

| Party | Type of Pleading | File Date | Exhibit |
| --- | --- | --- | --- |
| Strata Corporation | Answer to Second Amended Complaint, Counterclaim and Crossclaims, and Demand for Jury | 9/5/2014 | B |
| SE/Z Construction, LLC | Amended Answer to Second Amended Complaint, Amended Counterclaims, and Demand for Jury Trial | 9/8/2014 | C |
| Xtreme Electric Contractors, LLC | Answer to Second Amended Complaint, First Amended Counterclaim and Crossclaim | 9/17/2014 | D |

| Cal-Dak Cabinets, Inc. | Answer, Counterclaim and Crossclaim | 9/19/2014 | E |
|---|---|---|---|
| Wutke, LLC | Answer to Second Amended Complaint, Counterclaim and Crossclaim | 9/22/2014 | F |
| Williams Plumbing & Heating, Inc. | Answer to Second Amended Complaint, Counterclaim and Crossclaims, and Demand for Jury Trial | 9/29/2014 | G |

10. On or about April 5, 2019, the court in the ND Action issued an Order for Stay indicating that the action was stayed because of the Debtor's bankruptcy petition. A true and correct copy of the Order for Stay is attached hereto as Exhibit H.

11. A summary of the court docket in the ND Action is attached hereto as Exhibit I.

12. TWC seeks relief from stay in order to proceed with the ND Action to liquidate its claims and allow the ND Action to proceed to completion.

**II.    Applicable Legal Standards.**

Pursuant to 11 U.S.C. § 362(d)(1), the court may grant relief from the automatic stay for "cause". Cause is not defined and determination of such is on a case-by-case basis. *Benedor Corp. v. Conejo Enter., Inc. (In re Conejo Enter.)*, 96 F.3d 346, 352 (9th Cir. 1996). A court has "wide latitude in crafting relief from the automatic stay . . . ." *Schwartz v. United States (In re Schwartz),* 954 F.2d 569, 572 (9th Cir. 1992). If granted, stay relief can include "terminating, annulling, modifying, or conditioning such stay." *Mataya v. Kissinger (In re Kissinger),* 72 F.3d 107, 108-09 (9th Cir. 1995).

### III.     Relief should be granted for cause under 11 U.S.C. § 362(d)(1).

Cause exists under 11 U.S.C. § 362(d)(1) for the annulment and termination of the automatic stay as it respects the ND Action as requested by TWC.  The Ninth Circuit has identified twelve general factors to consider when evaluating a request for relief from stay for "cause" under section 362 (d)(1) to allow litigation to proceed in another forum.  *In re Tucson Estates*, 912 F.2d 1162 (9th Cir. 1990); *Azam v. U.S. Bank, N.A.*, 690 Fed. Appx. 484 (9th Cir. 2017); *see also In re Mazzeo*, 167 F.3d 139, 142 (2nd Cir. 1999)(factors evaluated on a case-by-case basis).

Review of the *Tucson Estate* factors demonstrate that "cause" exists to grant the requested relief in this instance.  *In re Bowen Corp., Inc.*, 150 B.R. 777, 784 (Bankr. D. Idaho 1993) (*quoting Christensen v. Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990)).

    1.    <u>The effect or lack thereof on the efficient administration of the estate.</u>

Relief will promote the efficient administration of the Debtor's bankruptcy by allowing the parties in the ND Action to liquidate their claims against the Debtor for purposes of the bankruptcy, including allowing the Debtor's alleged claims against TWC to be liquidated as a part of the ND Action.

    2.    <u>The extent to which state law issues predominate over bankruptcy issues.</u>

Non-bankruptcy law predominates over bankruptcy law with respect to the parties' claims against the Debtor, and Debtor's alleged claims against TWC.

    3.    <u>The difficulty or unsettled nature of the applicable law.</u>

As disclosed by the attached pleadings (Exhibits A – G), the applicable law and facts in the ND Action are complex.

    4. <u>The presence of a related proceeding in state court or other nonbankruptcy court</u>.

The parties' claims are the subject of the ND Action, a related state court proceeding, which was been pending since 2013.

    5. <u>The jurisdictional basis, if any, other than 28 U.S.C. § 1334</u>.

There is no independent jurisdictional basis for a bankruptcy court to hear the matters involved in the ND Action.

    6. <u>The degree of relatedness or remoteness of the proceeding to the main bankruptcy case</u>.

The subject matter of the ND Action is remote from the bankruptcy case and its determination may be necessary to fully administer this bankruptcy case.

    7. <u>The substance rather than form of an asserted 'core' proceeding</u>.

The substance of the ND Action is not core.

    8. <u>The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with the enforcement left to the bankruptcy court</u>.

Severing the state law claims from core bankruptcy matters in the bankruptcy case to allow judgment to be entered in the State Court with enforcement left to the bankruptcy court is feasible.

    9. <u>The burden of [the bankruptcy court's] docket</u>.

Granting the requested relief will alleviate the burden on the bankruptcy court's docket.

    10. <u>The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties</u>.

None of the parties have engaged in forum shopping.

    11. <u>The existence of a right to a jury trial</u>.

Several of the parties have requested a jury trial.

      12.    <u>The presence of nondebtor parties</u>.

The ND Action includes multiple, non-debtor parties.

Weighing the forgoing factions, "cause" for relief under 362(d)(1) exists and relief should be granted.

TWC further requests that the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure be waived.

### RULE 4001.2 NOTICE

Pursuant to Local Rule 4001.2, and subject to F.R.B.P. 9006, any party opposing the motion must file and serve an objection not later than seventeen (17) days after the date of service of the motion. The objection shall specifically identify those matters contained in the motion that are at issue and any other basis for opposition to the motion. The objection shall also contain a notice of hearing and the objection and notice of hearing shall be served upon the movant and all parties receiving the motion. Any party objecting must contact the Court's calendar clerk to schedule a preliminary hearing. Absent the filing of a timely objection, movant may submit a proposed order, and the court may grant the relief sought without a hearing.

Further, under 11 U.S.C. § 362(e):

(1) Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable

likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances.

(2) Notwithstanding paragraph (1), in a case under chapter 7, 11, or 13 in which the debtor is an individual, the stay under subsection (a) shall terminate on the date that is 60 days after a request is made by a party in interest under subsection (d), unless—
>    (A) a final decision is rendered by the court during the 60-day period beginning on the date of the request; or
>    (B) such 60-day period is extended—
>> (i) by agreement of all parties in interest; or
>> (ii) by the court for such specific period of time as the court finds is required for good cause, as described in findings made by the court.

## CONCLUSION

Based on the foregoing, The Westmoreland Company, Inc. respectfully requests entry of an Order terminating the automatic stay, consistent with the terms of the draft proposed order attached hereto (immediately following the Certificate of Service) and incorporated by reference.

DATED:    September 4, 2020

MAYNES TAGGART PLLC

*/s/Robert J. Maynes*
ROBERT J. MAYNES

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 4, 2020, I filed a copy of the attached pleading with the Court via CM/ECF and the same was served on the CM/ECF Registered Participants in this case via a Notice of Electronic Filing.

Frederick J Hahn, III – fhahn@hawleytroxell.com

Thomas Daniel Smith – tsmith8206@cableone.net

R. Sam Hopkins - Awilliams32@cableone.net; ID13@ecfcbis.com

Steve Alexander Shay - Steven.a.shay@usdoj.gov

U.S. Trustee - Ustp.region18.bs.ecf@usdoj.gov

And as otherwise noted on the Court's Notice of Electronic Filing.

I HEREBY CERTIFY FURTHER that on September 4, 2020, I served a copy of the above referenced pleading(s) on the following parties via postage prepaid, first class, U.S. Mail:

SE/Z Construction, LLC
Attn: Steve William Zambarano, Manager
705 John Adams Pkwy
Idaho Falls, ID 83401


　　　　　　　　　　　　　　　　　　　_/s/ Robert J. Maynes_____
　　　　　　　　　　　　　　　　　　　ROBERT J. MAYNES

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re: | Case No. 17-40291 JDP |
|---|---|
| SE/Z CONSTRUCTION, LLC, | Chapter 7 |
| Debtor. | |

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Upon consideration of the record before this Court and the *Motion for Relief from the Automatic Stay and Rule 4001.2 Notice* (Dkt. __) ("Motion") filed by Creditor The Westmoreland Company, Inc. ("Movant"), with notice of the Motion having been given in accordance with the applicable Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules, and no objections having been raised, and good cause existing,

**IT IS HEREBY ORDERED THAT:**

The Automatic Stay imposed by 11 U.S.C. § 362(a) is hereby terminated as to Movant and to the prepetition lien litigation in North Dakota, designated as *The Westmoreland Company, Inc. v. SE/Z Construction, LLC, et al.*, Case No. 53-2013-CV-01395, in order allow the same to proceed in state court, including to allow Movant and other parties to that litigation to proceed to final judgment (including entry of judgment) as against the Debtor for the purpose of prosecuting and liquidating their claims against the Debtor for all purposes including for purposes of the above-captioned bankruptcy case and to permit the filing, service and prosecution of counter- and cross-claims against the Debtor in accordance with non-bankruptcy law so that the North Dakota proceedings may be had and completed in such litigation.

DRAFT PROPOSED ORDER
Page 12

\*      It is further ordered that the 14-day stay prescribed by Rule 4001(a)(3) of the

Federal Rules of Bankruptcy Procedure is waived.//end of text//

Respectfully Submitted:
Robert J. Maynes
Maynes Taggart PLLC
Counsel for Creditor The Westmoreland Company, Inc.