STATE OF NORTH DAKOTA                                IN DISTRICT COURT

COUNTY OF WILLIAMS                          NORTHWEST JUDICIAL DISTRICT

| | | |
|---|---|---|
| The Westmoreland Company, Inc., | ) | Case No. 53-2013-CV-01395 |
| Plaintiff, | ) | |
| vs. | ) | **DEFENDANT STRATA CORPORATION'S** |
| SE/Z Construction, LLC, KLE Construction, | ) | **ANSWER TO SECOND AMENDED** |
| LLC, Xtreme Electric Contractors, LLC, | ) | **COMPLAINT, COUNTERCLAIM AND** |
| Strata Corporation, Sandcreek Welding, | ) | **CROSSCLAIMS** |
| Inc., The Sherwin-Williams Company, | ) | |
| Williams Plumbing & Heating, Inc., | ) | |
| Camp Land Surveyors PLLC, Northern | ) | |
| Improvement Company, Wutke, LLC, | ) | |
| Fairborn USA Inc., Cal-Dak Cabinets, Inc., | ) | |
| Defendants. | ) | |

## ANSWER TO SECOND AMENDED COMPLAINT

**COMES NOW**, Defendant Strata Corporation ("Strata"), and for its Answer to

Plaintiff's Second Amended Complaint, avers, alleges, answers and denies as follows:

¶1     This Answering Defendant denies each and every allegation, matter, and thing

contained in Plaintiff's Second Amended Complaint except as may be hereinafter specifically

admitted, qualified, or explained.

¶2     Pending completion of discovery, Defendant Strata does aver, and preserve the

following defenses to the Complaint pursuant to Rule 12:

    a.     There is insufficiency of process and service of process;

    b.     That Plaintiff has failed to join a necessary and indispensable party under
        Rule 19; and,

    c.     That the Court lacks jurisdiction over the subject matter of this action and
        the person of this Answering Defendant.

**EXHIBIT "B"**
**Page 1 of 24**

¶3    Plaintiff's Second Amended Complaint fails to state a claim against this Answering Defendant and upon which relief can be granted and the Second Amended Complaint and each and every attempted claim therein should be dismissed with prejudice.

¶4    This Answering Defendant denies the allegations of Paragraphs 1, 2, 3, and 4 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

¶5    This Answering Defendant admits the allegations of Paragraph 5 of the Second Amended Complaint.

¶6    This Answering Defendant denies the allegations of Paragraph 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

¶7    For its Answer to Paragraphs 17, 18, and 19, such averments require no response as they seek to quote language in another contract whose terms and conditions speak for themselves and further the averments are denied in that they are not concise and direct and fail to fully set forth all the appropriate contractual language.

¶8    This Answering Defendant denies the allegations of Paragraph 20 of the Second Amended Complaint, and alleges that: The Westmoreland Company, Inc. ("Westmoreland"), SE/Z Construction, LLC ("SE/Z Construction"), and KLE Construction, LLC ("KLE Construction"), Wagner Concrete Corporation, and their representatives, originally accepted their bid for and contracted with a certain subcontractor ("Subcontractor") to supply certain concrete materials and work in improving, building and erecting facilities and altering and/or modifying certain real estate in the City of Williston, North Dakota ("FedEx Project"); however, after inspecting some of the concrete material and work supplied by the Subcontractor,

2

Westmoreland, SE/Z Construction, and KLE Construction, Wagner Concrete Corporation, and their representatives, determined that the Subcontractor had under bid the costs of supplying the specified concrete material and work and determined that the Subcontractor was not qualified to provide the specified concrete materials and work; and therefore, Westmoreland, SE/Z Construction, and KLE Construction, Wagner Concrete Corporation, and their representatives agreed to pay Strata at the price which Strata had specified for supplying the necessary and specified concrete material and work and in return for which Strata did in fact supply the necessary concrete materials and work that was in fact used in improving, building and erecting facilities and altering and/or modifying certain real estate in the City of Williston, North Dakota ("FedEx Project") more fully described as follows:

> Lot 4, Block 4 of the Bakken Industrial Park Subdivision, City of Williston, County of Williams, North Dakota;

> Also known as: Lots 1R through 6R of the Bakken Industrial Park Subdivision, a rearrangement of Lot 4, Block 4 of the Bakken Industrial Park Subdivision, being a portion of the NW1/4SE1/4, NE1/4SW1/4, Section 24, Township 155N, Range 101W of the 5th Principal Meridian, City of Williston, Williams County, North Dakota.

("Real Estate"); however, Westmoreland, SE/Z Construction, KLE Construction, Wagner Concrete Corporation, and their representatives have failed and/or refused to pay Strata Corporation for the costs and value of the supplied specified concrete material and work.

¶9    For its answer to Paragraphs 21, 22, and 23 of the Second Amended Complaint, this Answering Defendant denies those allegations for lack of information and knowledge sufficient to form a belief as to their truth.

¶10    For its answer to Paragraph 24 of the Second Amended Complaint, it is admitted only that on October 29, 2003, Strata notified Plaintiff Westmoreland and SE/Z Construction and others that Strata Corporation was owed from and by them for services, labor, equipment and

**EXHIBIT "B"
Page 3 of 24**

materials used in the improvement to the Real Estate for the FedEx Project in an amount of $54,120.94 ($52,234.88 principal and $1,886.06 finance charges) all as more fully set forth in the Notice of Intention to Claim Mechanic's Lien which is attached hereto and incorporated herein as Exhibit "A".

¶11    For its answers to Paragraphs 25, 26, 27, 28, 29, 30, 31, 32, 33, 34 and 35 of the Second Amended Complaint, this Answering Defendant denies those allegations for lack of knowledge or information sufficient to form a belief about their truth.

¶12    As and for its answer to Paragraph 36 of the Second Amended Complaint, Strata re-alleges and incorporates all earlier answers to Paragraphs 1 through and including 35 of the Second Amended Complaint.

¶13    This Answering Defendant denies the allegations of Paragraphs 37 and 38 of the Second Amended Complaint and holds Plaintiff to its strict proof thereof.

¶14    As and for its answer to Paragraph 39 of the Second Amended Complaint, Strata incorporates by reference its Answers to Paragraphs 1 through and including 38 of the Second Amended Complaint.

¶15    To the extent that the allegations contained in Paragraphs 40 and 41 are directed in any way toward this Answering Defendant, this Defendant denies the same and holds Plaintiff to its strict proof thereof.

¶16    As and for its answer to Paragraph 42 of the Second Amended Complaint, Strata incorporates by reference its answers to Paragraphs 1 through and including 41 of the Second Amended Complaint.

¶17   To the extent Paragraphs 43, 44, 45, 46, 47, and 48 are directed at this Answering Defendant, this Answering Defendant denies the same and holds Plaintiff to its strict proof thereof.

¶18   Without relieving the Plaintiff of its burden of proof in any respect, upon information and belief, Strata avers and alleges that beginning on or before June 27, 2013 through and including August 29, 2013, as a result of Westmoreland's, SE/Z Construction's, and KLE Construction's insistence, Strata, furnished services, labor, equipment and materials, ("Labor and Materials") that was used to improve by means of building, erecting, placing, making and altering improvements upon and connected with the FedEx Project and the Real Estate.

¶19   Without relieving the Plaintiff of its burden of proof in any respect, that from on or about July 25, 2013 through and including August 29, 2013 the Labor and Materials supplied by Strata at Westmoreland's SE/Z Construction's and KLE Construction's instance and insistence included, but are not limited to, labor and ready-mixed concrete and those materials were incorporated in the improvement to the Real Estate and the constructing of the FedEx Project and the price and/or value of the contribution of such Labor and Materials were not paid for by Westmoreland, SE/Z Construction and/or KLE Construction or their assigns, successors or agents, which unpaid Labor and Materials totaled $54,120.94, plus unpaid interest.

¶20   Without relieving the Plaintiff of its burden of proof in any respect, because the price and/or value of the Labor and Materials contributed by Strata were not paid for by the owner of the Real Estate or its assigns, successors, and agents and payment having been withheld, pursuant to Chapter 35-27 of the North Dakota Century Code, on or about November 20, 2013, Strata duly recorded a construction lien document ("Strata Construction Lien") with

5

the Williams County, North Dakota Recorder's Office as Document Number 774411, which was recorded against the Real Estate. A copy of such construction lien is attached hereto as Exhibit "B" and incorporated herein by reference.

¶21    That pursuant to the North Dakota Century Code, including sections 35-27-19 and 35-27-22, the Strata Construction Lien is a perfected lien in the amount of $54,120.94, plus accruing unpaid interest, and the Strata Construction Lien is a first priority lien and encumbrance in or upon all of the Real Estate and is prior to and superior to the Plaintiff's interest in the Real Estate and superior to any other mortgage, construction lien, or other encumbrance of record or not.

¶22    Upon information and belief, it is alleged that Plaintiff's claims are barred in total or in part by waiver, laches, and/or unclean hands and/or Plaintiff is estopped in making its claims against this Answering Defendant or objecting to the Strata Construction Lien for among other reasons Plaintiff and its fiduciaries and agents failed to avail themselves of the remedies available to them by law and/or which they contractually bound themselves to, including, but not limited to, their failure to: (i) notify Strata that the Labor and Materials being supplied by Strata were not being made at Plaintiff's instance; (ii) failing to withhold from its payments so much of the contract price as may have been necessary to meet the demands for payment of the Labor and Materials to be furnished by Strata or to obtain the discharge of any lien for such Labor and Materials; (iii) making improper and excessive progress payments, failing to review invoices for accuracy, completeness and conformance with the status of work completed and materials stored, and; (iv) failing to make payments using joint checks; and/or (v) failing to obtain releases and/or waivers of construction liens arising out of the FedEx Project.

6

¶23    Upon information and belief, and, including, but not limited to, the allegations made by SE/Z Construction in its Amended Answer to Second Amended Complaint, Amended Counterclaims, and Demand for Jury Trial, Strata asserts that Westmoreland and/or SE/Z Construction may have been engaged in making false representations or concealment of material facts, or, at least, which were calculated to convey the impression that the facts were other than those which they now attempt to assert; that the intention of Westmoreland and/or SE/Z Construction, or at least it was the expectation of Westmoreland and/or SE/Z Construction, that such conduct would be acted upon by, or would influence Strata to act to its detriment; and that Westmoreland and/or SE/Z Construction had knowledge, actual or constructive, of the real facts; and as a result Westmoreland and/or SE/Z Construction should be estopped from challenging or objecting to Strata's Construction Lien or denying its obligation for paying for Strata's Labor and Materials which were necessary costs and expenses called for in the plans and specifications of the FedEx Project and necessarily required for completion of the FedEx Project.

¶24    Plaintiff's claims for relief are barred in total or in part because of the fault, actions, breach of contract, actions, or inactions of Plaintiff or other third persons or parties for whose actions or omission this Answering Defendant is not responsible or liable for.

¶25    Plaintiff has failed to mitigate its damages or losses.

## COUNTER-CLAIM AND CROSSCLAIMS

¶26    COMES NOW, Defendant Strata and for its Counterclaim and Cross Claims alleges as follows:

¶27    Defendant Strata is a North Dakota corporation whose principal offices are located in Grand Forks, North Dakota.

7

**EXHIBIT "B"**
**Page 7 of 24**

¶28     Upon information and belief, Strata is informed and believes that Plaintiff, The Westmoreland Company, Inc. ("Westmoreland") is a corporation who is engaged in the State of North Dakota in the business of real estate development.

¶29     Upon information and belief, the above-named Defendants are engaged in business of construction and contracting in the State of North Dakota.

¶30     Upon information and belief, on or about November 30, 2012, Westmoreland entered into a contract for the construction of a Fed Ex Ground Package System Facility and related improvements ("FedEx Project") on that certain real estate located in the City of Williston, County of Williams, and State of North Dakota more fully described as follows:

> Lot 4, Block 4 of the Bakken Industrial Park Sub-division, City of Williston, County of Williams, North Dakota;
>
> Which real property is also known as:  Lots 1R Through 6R Of The Bakken Industrial Park Subdivision, A Rearrangement Of Lot 4, Block 4 Of The Bakken Industrial Park Subdivision, Being A Portion Of The NW1/4SE1/4, NE1/4SW1/4 Of Section 24, Township 155N, Range 101W Of The 5th Principal Meridian, City Of Williston, Williams County, North Dakota.

("Real Estate").

¶31     The contract entered into between Westmoreland and SE/Z Construction called for SE/Z Construction to sub-contract with others so as to furnish as part of the FedEx Project certain specified concrete materials and work.

¶32     That at the insistence Westmoreland, SE/Z Construction, KLE Construction, Wagner Concrete Corporation, and their representatives relied upon a bid or proposal of a certain "Subcontractor" for the supplying of specified concrete material and work for the FedEx Project; that Westmoreland, SE/Z Construction, KLE Construction, Wagner Concrete Corporation, and their representatives, after inspecting the concrete material and work supplied by the Subcontractor, determined that the Subcontractor had under bid the costs of supplying the

8

specified concrete material and work and determined that the Subcontractor was not qualified to provide the specified concrete materials and work; and that as a result Westmoreland, SE/Z Construction, KLE Construction, Wagner Concrete Corporation, and their representatives then requested and submitted Strata as a substitute subcontractor and agreed to pay the value set by Strata Corporation for their supplying the required specified concrete material and work.

¶33     Westmoreland, SE/Z Construction, KLE Construction, Wagner Concrete Corporation, and their representatives have failed and/or refused to pay Strata Corporation for the increased costs occasioned by the substitution of Strata and the cost and value of actually supplying the specified concrete material and work.

¶34     At the insistence of Westmoreland, SE/Z Construction, and KLE Construction, Strata furnished specified concrete materials and work and they accepted the same incorporating them into the building the FedEx Project and the related improvements to the Real Estate.

¶35     That Strata began supplying the Labor and Materials for the FedEx Project on or about June 27, 2013, and continuing thereafter until on or about August 29, 2013.

¶36     Between June 27, 2013, and August 29, 2013, Strata, at the insistence and request of Westmoreland, SE/Z Construction, and KLE Construction Strata furnished and delivered the Labor and Materials for the FedEx Project.

¶37     That while Westmoreland, SE/Z Construction and KLE Construction paid for Labor and Materials supplied by Strata to the FedEx Project between June 27, 2013 and July 13, 2013, Westmoreland, SE/Z Construction, and KLE Construction have failed and refused to pay for the Labor and Materials supplied by Strata between the dates of July 25, 2013 through and including August 29, 2013.   The price and/or value of the contribution of such labor and

9

materials that was not paid for by Westmoreland, SE/Z Construction, and/or KLE Construction or their agents totaled $54,120.94 on or about October 29, 2013.

**COUNT 1**
**FORECLOSURE OF CONSTRUCTION LIEN AND DECLARATORY RELIEF**

¶38     Strata re-alleges and incorporates all previous paragraphs by reference.

¶39     That Strata did in fact supply the requested and necessary concrete Labor and Materials for the FedEx Project and such Labor and Materials were incorporated within the FedEx Project and improved the above described Real Estate, but Strata has not be paid for such materials.

¶40     Pursuant to Chapter 35-27 of the North Dakota Century Code, on October 29, 2003, Strata notified Westmoreland, SE/Z Construction and others that Strata Corporation was owed from and by them for services, labor, equipment and materials used in the improvement to the Real Estate for the FedEx Project in an amount of $54,120.94 ($52,234.88 principal and $1,886.06 finance charges) all as more fully set forth in the Notice of Intention to Claim Mechanic's Lien" which is attached hereto and incorporated herein as Exhibit "A".

¶41     That on or about November 20, 2013, Strata duly recorded a construction lien document ("Strata Construction Lien") with the Williams County Recorder's Office as Document No. 774411, which was recorded against the Real Estate and a copy of such is attached hereto as Exhibit "B" and incorporated herein.

¶42     Upon information and belief, the whole of the real property described above as Real Estate and the improvements thereon is required for the convenient use and occupation of the FedEx Project and the fixtures and appurtenances.

10

¶43     As provided for by N.D.C.C. § 35-27-03 That the Strata Construction Lien attached to the Real Estate took effect from the time the first item of material or labor was furnished upon the Real Estate premises for the beginning of the improvement thereto.

¶44     That after the actual and visible beginning of the making of improvements on the Real Estate, including the improvements provided by Strata, Westmoreland executed a real estate mortgage granting Renasant Bank a real estate mortgage ("Mortgage") in a portion of the Real Estate, which mortgage was recorded in the Williams County, North Dakota Recorder's Office as document 773237 on or about November 4, 2013, which mortgage by its own terms did not secure an obligation incurred for the construction of an improvement on the Real Estate.

¶45     That pursuant to the terms of said Mortgage, the Plaintiff Westmoreland is appointed as the agent of mortgage Renasant Bank to defend the mortgage lien as evidenced by said Mortgage.

¶46     That the above described Mortgage does not create or constitute a lien on or interest in the Real Estate that is property prior to or superior to the lien of Strata therein.

¶47     Westmoreland and its principle Renasant Bank, and of the above named Defendants herein may claim some right, title, or interest in or to the Real Estate each of which claim should be considered junior and inferior to Strata's claim to the Real Estate.

¶48     Pursuant to Chapter 35-27 of the North Dakota Century, Strata is entitled to a foreclosure of the Strata Construction Lien encumbering the above described Real Estate; a determination of the order of priority of all liens and interests in the Real Estate; a payment of all amounts owed Strata and all damages and injuries sustained by Strata from the proceeds generated from a foreclosure sale of the Real Estate; and a deficiency judgment in the event the

sale proceeds are not adequate to pay all the amounts owed Strata and damages sustained by Strata.

## COUNT 2
### BREACH OF CONTRACT

¶49    Strata re-alleges and incorporates all previous paragraphs by reference.

¶50    Between June 27, 2013, and August 29, 2013, Westmoreland, SE/Z Construction, KLE Construction, Wagner Concrete Corporation, and their representatives contracted with Strata to furnish specified concrete material for the FedEx Project; that Strata supplied to Westmoreland, SE/Z Construction, KLE Construction, Wagner Concrete Corporation, and their representatives the requested and specified concrete material; and that Westmoreland, SE/Z Construction, KLE Construction, Wagner Concrete Corporation, and their representatives, have failed and refused to pay Strata for the contracted for price and value of such specified concrete material.

¶51    By reason of Westmoreland, SE/Z Construction, and KLE Construction's breach of their agreements, Strata has sustained damages in excess of $54,120, plus interest, attorney fees, and costs.

## COUNT 3
### UNJUST ENRICHMENT

¶52    Strata re-alleges and incorporates all previous paragraphs by reference.

¶53    In the absence of a contract between Strata and Westmoreland, SE/Z Construction, KLE Construction, it is alleged that Strata has been unjustly impoverished and Westmoreland, SE/Z Construction and/or KLE Construction have been unjustly enriched by virtue of: (i) Westmoreland, SE/Z Construction and/or KLE Construction's  receipt and using, without making payment therefor, of Strata's Labor and Materials, which Labor and Material

were critical to the completion of the FedEx Project and the facility constructed thereby; (ii) the unpaid Labor and Materials have been incorporated into the FedEx Project so as to complete a new facility; (iii) Westmoreland has leased the new facility constructed with Strata's Labor and Materials to a third-party; (iv) Westmoreland is receiving rental and lease income from the third-party's occupation and use of the facility; (v) SE/Z Construction and KLE Construction has received numerous cash payments as a part of completing the FedEx Project totaling more than $2.8 million and as a result thereof has earned profits, mark-up fees, and contractor's fees; and (vi) that the Labor and Materials supplied by Strata represent approved revisions by Westmoreland, SE/Z Construction, KLE Construction, Wagner Concrete Corporation, and their representatives of the agreements calling for the construction of the FedEx Project and they necessitate an increase in any Guaranteed Maximum Cost agreements that may have existed.

¶54     There is an absence of justification for Strata to be impoverished and Westmoreland, SE/Z Construction, and/or KLE Construction being enriched as a result of the matters set forth above.

¶55     That Strata has suffered damages, including, but not limited to, the loss of the Labor and Materials and their value, together with interest thereon at the maximum rate permitted by law.

## COUNT 4
## PROMISSORY AND EQUITABLE ESTOPPEL

¶56     Strata re-alleges and incorporates all previous paragraphs by reference.

¶57     In the absence of a contract between Strata and Westmoreland, SE/Z Construction and/or KLE Construction, then it is alleged that the doctrine of promissory estoppel and/or equitable estoppel prohibits Westmoreland, SE/Z Construction and/or KLE Construction from avoiding their promises to pay for Strata's Labor and Materials.

**EXHIBIT "B"**
**Page 13 of 24**

¶58    Westmoreland, SE/Z Construction, and/or KLE Construction made promises as part of the FedEx Project to pay for all services and materials necessary to complete the FedEx Project; that within the scope of the work to be performed and supplied for the FedEx Project were the work and materials of the kind making up the Labor and Materials supplied by Strata; in reliance thereon Strata reasonably expected and was justified in its expectation that Westmoreland, SE/Z Construction, and/or KLE Construction would pay Strata for the Labor and Materials supplied by Strata; and Strata incurred costs and expenses in preparing and supplying the Labor and Materials and the Labor and Materials supplied to Westmoreland, SE/Z Construction, and/or KLE Construction had a value in excess of $54,000;

¶59    Westmoreland, SE/Z Construction and/or KLE Construction by their own declarations, acts, or omissions engaged in making false representations, concealing material facts, and/or conveying the false impressions with the intent and/or expectation that Strata would continue to deliver Labor and Material to the FedEx Project so as to complete the same when the real facts were that Strata would not be paid for its Labor and Materials; Strata reasonably relied on Westmoreland, SE/Z Construction, and KLE Construction's declarations, acts, or omissions to its detriment; and Westmoreland, SE/Z Construction and/or KLE Construction should not be allowed to deny the obligation to pay for the Labor and Materials.

¶60    Upon information and belief, the false representations, concealed material facts, and/or false impressions that occurred included, but are not limited to, the following:

a.    That prior to July 24, 2013 SE/Z Construction had submitted to Westmoreland a number of invoices showing in detail monies paid out or costs incurred by SE/Z Constructions on the FedEx Project, which Westmoreland approved and paid SE/Z Construction for;

14

b.      That on or about July 24, 2013, Westmoreland and/or SE/Z Construction knew or should have known that the invoices paid or to be paid to SE/Z Construction by Westmoreland included substantial payments of more than $1,000,000 for costs of performing work outside the scope of the original contract, which work included, but was not limited to, costs of corrective actions, costs for remediation, change order costs, costs for flooding; etc.

c.      That on or about July 24, 2013, Westmoreland and/or SE/Z Construction knew or should have known that Westmoreland was offsetting the payments made to SE/Z Construction for work that was outside the scope of the original contract with SE/Z Construction against an alleged maximum cost for the FedEx Project and thereby attempting to reduce payment obligations for work and materials that fell within the original scope of the work to performed to complete the FedEx Project.

d.      That on or about July 24, 2013 Westmoreland and/or SE/Z Construction knew or should have known that substantial work still needed to be performed in order to complete the FedEx Project; that the costs of such uncompleted work exceeded in value more than $1,000,000; and that the costs of the yet uncompleted work exceeded in value by more than $1,000,000 any guaranteed maximum cost of the FedEx Project;

e.      That on or about July 24, 2013, Westmoreland and/or SE/Z Construction knew or should have known that Westmoreland was not going to pay in the ordinary course of their business the costs of work for the FedEx Project from and after July 24, 2013, including the Labor and Materials needed to be supplied from by Strata; and

f.      That on or about July 24, 2013, Westmoreland and/or SE/Z Construction knew or should have known that Westmoreland had devised a strategy whereby they withhold disclosing that Westmoreland would refuse to pay for the remaining known substantial costs of

work yet to be performed and completed on the FedEx Project by subcontractors like Strata until that work was actually completed and the additional necessary materials supplied so as to allow completion of the FedEx Project and only then would Westmoreland announce for the Second time that costs for such necessary work and materials supplied after July 24, 2013 would not be paid for because Westmoreland would claim those costs exceeded an alleged maximum cost for the project based upon Westmoreland's agreement with SE/Z Construction.

¶61    That Strata has suffered damages, including, but not limited to, the value of the Labor and Materials provided by Strata, together with interest thereon at the maximum rate permitted by law.

¶62    WHEREFORE, Strata requests the following relief:

1.    A judgment dismissing with prejudice Plaintiff's Second Amended Complaint and each and every claim for relief therein.

2.    A money judgment awarded in favor of Strata and against Westmoreland, SE/Z Construction and/or KLE Construction, jointly and severally, for Strata's injuries and damages, actual, compensatory and consequential, plus the amount of $54,120.94, together with interest there on at the maximum rate permitted by law; and/or

3.    A judgment declaring and adjudging Strata to have a valid, subsisting, and enforceable, first priority construction lien in and on all of the Real Estate as described herein and as described in the Second Amended Complaint and/or a first priority lien in or right to any or all monetary "Funds" which Plaintiff proposes for depositing with the Court, including all buildings and improvements on the Real Estate; and decreeing that that any right, title, or interest in or to the Real Estate and/or Funds by Plaintiff, the Mortgage or any of the other defendants herein are junior and inferior to Strata's claim to the Real Estate by virtue of the Strata

Construction Lien; and declaring and determining the priority of any other construction liens, encumbrances, claims, or interests of Strata, the parties to this action or any others.

4.       A judgment declaring that the Strata Construction Lien be foreclosed in the usual course of practice of the law and this court; directing the Sheriff of Williams County to sell the Real Estate pursuant to law and the usual practice of this Court, and directing that the Sheriff of Williams County render and return to this Court a Return and Report of his/her proceedings thereunder, and that she/he shall, out of the proceeds of the sale, retain the amounts of his/her costs, commissions and disbursement of the sale and deliver to the Strata or its attorneys the remainder thereof to be applied on the amount found due Strata in the Judgment rendered herein, plus Strata's costs of sale; and declaring that if the proceeds of the sale be more than sufficient to pay the amount of the costs, commission and disbursements of the Sheriff and/or Strata and the amount due Strata as provided for in the Judgment then the balance thereof shall be tendered and paid to the Clerk of the District Court in which this Judgment is entered and will be subject to the further order of this Court;

5.       A provision in the judgment allowing Strata or an agent to Strata to make a credit bid at the sale and to become the purchaser of the Real Estate; and providing that if Strata is the successful highest bidder then Strata's credit bid amount shall be credited as a payment in part or in full up to the amount of the credit bid against the amounts owed Strata as awarded by the Judgment;

6.       A provision in the judgment awarding and granting Strata a deficiency judgment against Plaintiff, SE/Z Construction and/or KLE Construction in the event the sale proceeds or the amount of the successful credit bid by Strata is not sufficient to pay in full all amounts awarded Strata by the judgment.

7.      A judgment declaring that on production of a Sheriff's Deed, the purchaser of the Real Estate be let into possession of the Real Estate;

8.      A provision in the judgment awarding Strata the costs of suit, including the sum of $13.00, any amounts paid for verifying and recording Construction Lien, any costs of sale of the Real Estate, and for such other costs and disbursements, including attorney's fees, if any, as allowed by law.

9.      For such other and further relief as the court determines just and equitable.

## DEMAND FOR JURY

¶61   Defendant Strata Corporation specifically requests and demands a trial by jury on all facts and issues in this action by the maximum number of jurors allowed by law.

Dated this 5th day of September, 2014.

ALLEN J. FLATEN, ND ID #03865
Zimney Foster P.C.
Bremer Financial Center, Suite 200
3100 South Columbia Road, PO Box 13417
Grand Forks, ND  58208-3417
Phone:  (701) 772-8111
Fax:  (701) 772-7328
allenflaten@northdakotalaw.net
Attorneys for Strata Corporation

## NOTICE OF INTENTION TO CLAIM
## A MECHANIC'S LIEN

TO ALL PERSONS AND PARTICULARLY TO WAGNER CONCRETE
INCORPORATED, WESTMORLAND COMPANY INCORPORATED AND SE/Z
CONSTRUCTION, LLC.

YOU WILL PLEASE TAKE NOTICE that the undersigned, Strata Corporation, a North
Dakota Corporation, hereby gives notice of its intention to claim a mechanic's lien. The
undersigned hereby states and affirms as follows, to-wit:

1. The name of the person in possession of the land, to the best of the
   undersigned's knowledge, is WESTMORLAND COMPANY INC.

2. The description of the property to be charged with is legally described as
   follows, to-wit:
   LOT 4, BLOCK 4 OF THE BAKKEN INDUSTRIAL PARK SUB
   DIVISION, CITY OF WILLISTON, COUNTY OF WILLIAMS, NORTH
   DAKOTA
   Parcel Identification Number (PIN)   01025000004040

3. The date of the contract was approximately June 27, 2013 through August
   29, 2013.

4. The undersigned will claim and hereafter file a Mechanic's Lien against
   the building, improvement, or premises which will be perfected according
   to law unless the account has been paid.

5. Under the contract referred to above, the undersigned has agreed and
   contracted with Wagner Concrete Corporation to improve or provide
   labor, equipment and materials for improvements in the following manner:
   Delivery of concrete and related products for the construction of
   commercial property in the amount of **$54,120.94** ($52,234.88 principal
   and $1,886.06 finance charges).

**Exhibit A**
Filed - Clerk of District Court
9/5/2014 9:42:11 AM
Williams County, ND

Dated: October 29, 2013

STRATA CORPORATION

By: _____
Its _____

STATE OF NORTH DAKOTA )
                       )  ss:
COUNTY OF WILLIAMS     )

Strata Corporation, a North Dakota Corporation, the Mechanic's Lien Claimant, being first duly sworn, says that it is entitled to the mechanic's lien; and that the undersigned has read the above Notice of Intention of Claim Mechanic's Lien, and that the same is true and correct to the best of his knowledge and information.

STRATA CORPORATION

By: _____
Its _____

Subscribed and sworn to before me
This 29 day of October           , 2013.

_____
Notary Public

ANGELA M HORN
Notary Public
State of North Dakota
My Commission Expires June 1, 2017

**EXHIBIT "B"**    Exhibit A
**Page 20 of 24**

774411
Page: 1 of 2
11/20/2013 9:43 AM
CL          $13.00

WILLIAMS COUNTY, ND

## CONSTRUCTION LIEN

STATE OF NORTH DAKOTA          )
                               )ss.
COUNTY OF WILLIAMS             )

KEVIN W OPDAHL, being first duly sworn on oath deposes and says:

1.      That he is the Controller of Strata Corporation having an office and place of business at 14164 51st Street North West, Williston ND, hereinafter referred to as "Lien Claimant", and that he makes this Affidavit for and on behalf of said Lien Claimant.

2.      The Lien Claimant furnished certain labor and/or materials services for improvement of buildings upon the lands described below, pursuant to a contract made with Wagner Concrete Incorporated for the improvement of such premises. The date of the Lien Claimant's first contribution for the improvement was on or about June 27, 2013. The last contribution of the Lien Claimant was on August 29, 2013.

3.      The real estate is located in Williams County, North Dakota, and is legally described as follows:

LOT 4, BLOCK 4 OF THE BAKKEN INDUSTRIAL PARK SUB DIVISION, CITY OF WILLISTON, COUNTY OF WILLIAMS, NORTH DAKOTA
Parcel Identification Number (PIN) -      01025000004040

4.      The name of the owner of the land is Westmorland Company Incorporated.

5.      The name of the party in possession of the land is Westmorland Company Incorporated.

6.      After allowing for all credits, the amount due and owing Lien Claimant is $54,120.94 with interest at the rate of 1.5% per month from and after the due dates of the invoices comprising the balance claimed.

7.      A Construction Lien is claimed for the above stated amount by Lien Claimant on the buildings and land on which the same are situated, under and by virtue of the statutes of the State of North Dakota.

8.      The materials and labor were furnished under the agreement set forth above; a separate itemized account has been kept and due and written demand for the payment of the account has been made upon the owner as provided by law, and payment has not been made.

**EXHIBIT "B"**
**Page 21 of 24**

Exhibit B
Filed - Clerk of District Court
9/5/2014 9:42:11 AM
Williams County, ND

Page 2

Dated this 15th day of _November_, 2013.

_Kevin Opdahl_

_Controller_
**(Title)**

Acknowledged, subscribed and sworn to before this _15_ day of _November_, 2013, by _Kevin Opdahl_ the _Controller_ of _Strata Corporation_, who executed the same for and on behalf of the Lien Claimant.

_Angela M Horn_
NOTARY PUBLIC

**ANGELA M HORN**
Notary Public
State of North Dakota
My Commission Expires June 1, 2017



**774411**
Page: 2 of 2
11/20/2013 9:43 AM
CL        $13.00

WILLIAMS COUNTY, ND

COUNTY RECORDER, WILLIAMS COUNTY, ND        11/20/2013  9:43 AM
I certify that this instrument was filed and recorded
Kari Evenson, County Recorder
by _Jen Olson/Deputy_        **774411**

STATE OF NORTH DAKOTA                                          IN DISTRICT COURT

COUNTY OF WILLIAMS                                    NORTHWEST JUDICIAL DISTRICT

| | |
|---|---|
| The Westmoreland Company, Inc., ) | Case No. 53-2013-CV-01395 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **CERTIFICATE OF SERVICE** |
| SE/Z Construction, LLC, KLE Construction,) | |
| LLC, Xtreme Electric Contractors, LLC, ) | |
| Strata Corporation, American Engineering ) | |
| Testing, Inc., Sandcreek Welding, Inc., The ) | |
| Sherwin-Williams Company, ) | |
| ) | |
| Defendants. ) | |

¶1       I the undersigned, hereby certify that on September 5, 2014, a true and correct copy of **DEFENDANT STRATA CORPORATION'S ANSWER TO SECOND AMENDED COMPLAINT, COUNTERCLAIM AND CROSSCLAIMS** was electronically filed with the Court's Odyssey System and that Odyssey will electronically serve a copy of said document on the following persons pursuant to Rule 3.5(e) of the North Dakota Rules of Court:

**Attorney for Plaintiff:**
Robert J. Pathroff
rpathroff@vogellaw.com

**Attorneys for Defendant SE/Z Construction, LLC:**
Alan Bryan
abryan@crowleyfleck.com
Daniela Pavuk
dpavuk@crowleyfleck.com

**Attorney for Defendant KLE Construction, LLC:**
David Tschider
dtschider@tschider-smithlaw.com

**Attorney for Defendant Xtreme Electric Contractors, LLC:**
Clark J. Bormann
cbormann@bmmelaw.com

Margaret Weamer
MWeamer@lawmt.com

**EXHIBIT "B"**
**Page 23 of 24**

Filed - Clerk of District Court
9/5/2014 9:42:11 AM
Williams County, ND

**Attorney for Defendant The
Sherwin-Williams Company:**
Ryan C. McCamy
rmccamy@nilleslaw.com

¶2     Service was also made by placing a true and correct copy thereof by first class

mail in an envelope addressed as follows:

Dirk Jensen, Registered Agent
Ace Fire Protection, LLC
2502 N. Evergreen Road
Fargo ND 58102

American Engineering Testing, Inc.
550 Cleveland Avenue North
St. Paul MN 55114-1804

Gary Price, Registered Agent
Cal-Dak Cabinets, Inc.
2410 30th Avenue NW
PO Box 1088
Minot ND 58702-1088

Camp Land Surveyors PLLC
10840 Hwy 85 N
PO Box 114
Alexander, ND 58831-0114

Thomas D. McCormick, Registered Agent
Northern Improvement Company
4000 NW 12th Avenue
PO Box 2846
Fargo ND 58108-2846

Sandcreek Welding, Inc.
Attn. Steve Almondinger
4598 South Wakerli Ave.
Idaho Falls, ID 83406

Williams Plumbing & Heating, Inc.
2313 4th Ave W #3
Williston ND 58801-3426

Dan Gefroh, Registered Agent
Wutke, LLC
919 South 7th Street, Suite 503
Bismarck ND 58501

and depositing the same, with postage prepaid, in the United States mails at Grand Forks, North
Dakota.

_Karen K Synstad_ _____
**KAREN K. SYRSTAD**

Subscribed and sworn to before me on September 5, 2014.

BRENDA R. DIPERSIO
Notary Public
State of North Dakota
My Commission Expires Feb. 28, 2020

NOTARY PUBLIC

**EXHIBIT "B"
Page 24 of 24**