STATE OF NORTH DAKOTA                    IN DISTRICT COURT

COUNTY OF WILLIAMS                       NORTHWEST JUDICIAL DISTRICT

| | |
|---|---|
| The Westmoreland Company, Inc., <br><br> Plaintiff, <br> v. <br><br> SE/Z Construction LLC, KLE Construction LLC, Xtreme Electric Contractors LLC, Strata Corporation, American Engineering Testing Inc, Sandcreek Welding Inc, The Sherwin-Williams Company, Williams Plumbing & Heating Inc, Camp Land Surveyors PLLC, Northern Improvement Company, Wutke LLC, Cal-Dak Cabinets Inc, Ace Fire Protection LLC, <br><br> Defendants. | Case No. 53-2013-CV-01395 <br><br> **WILLIAMS PLUMBING & HEATING INC'S ANSWER TO SECOND AMENDED COMPLAINT, COUNTERCLAIM AND CROSSCLAIMS, AND DEMAND FOR JURY TRIAL** |

### ANSWER TO SECOND AMENDED COMPLAINT

Defendant Williams Plumbing & Heating Inc ("Williams"), for its Answer to Plaintiff's Second Amended Complaint, avers, alleges, answers and denies as follows:

1. Upon information and belief, Williams admits the allegations of ¶¶ 1-8 of the Second Amended Complaint.

2. Williams admits the allegations of ¶ 9 of the Second Amended Complaint.

3. Upon information and belief, Williams admits the allegations of ¶¶ 10-16 of the Second Amended Complaint.

4. The allegations of ¶¶ 17-19 require no response, and refer to documents whose terms and conditions speak for themselves. To the extent the allegations require a response, Williams denies the same.

1

**EXHIBIT "G"**
**Page 1 of 18**
Filed - Clerk of District Court
9/29/2014 12:35:49 PM
Williams County, ND

5. In answering ¶ 20 of the Second Amended Complaint, Williams admits Westmoreland hired SE/Z Construction to provide construction services in connection with the Project, and further alleges SE/Z Construction hired CS Mechanical Inc, who in turn hired Williams to provide labor, services and materials for real estate improvements upon the real property owned by Westmoreland. Williams denies the remaining allegations of ¶ 20 for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

6. Williams denies the allegations of ¶¶ 21-29 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

7. Williams admits the allegations of ¶ 30 of the Second Amended Complaint.

8. In answering the allegations of ¶ 31, Williams admits the second sentence of ¶ 31, but denies the remaining allegations for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

9. Williams admits the allegations of ¶¶ 32-35 of the Second Amended Complaint.

## COUNT I
### Declaratory Judgment (No Liens)

10. In answering ¶ 36 of the Second Amended Complaint, Williams incorporates its response to all previous paragraphs here by reference.

11. Williams denies the allegations of ¶¶ 37 and 38 of the Second Amended Complaint.

## COUNT II
### Declaratory Judgment (Indemnity)

12. In answering ¶ 39 of the Second Amended Complaint, Williams incorporates its response to all previous paragraphs here by reference.

13. To the extent the allegations contained in ¶¶ 40 and 41 of the Second Amended Complaint are directed in any way toward Williams, Williams denies the same.

## COUNT III
## Interpleader

14. In answering ¶ 42 of the Second Amended Complaint, Williams incorporates its response to all previous paragraphs here by reference.

15. To the extent the allegations contained in ¶¶ 43-48 of the Second Amended Complaint are directed in any way toward Williams, Williams denies the same, and affirmatively alleges as follows:

    A. Beginning on or before March 31, 2013 through and including September 13, 2013, as a result of Westmoreland's, SE/Z Construction's, and CS Mechanical's insistence, Williams furnished services, labor, equipment and materials ("Labor and Materials") that was used to improve by means of building, erecting, placing, making and altering improvements upon and connected with the FedEx Project and the Real Estate.

    B. From on or about March 31, 2013 through and including September 13, 2013, the Labor and Materials supplied by Williams at Westmoreland's, SE/Z Construction's, and CS Mechanical's insistence included, but are not limited to labor and materials for installation of water, sewer and gas lines, and those materials were incorporated in the improvement to the Real Estate and the constructing of the FedEx Project and the price and/or the value of the contribution of such Labor and Materials were not paid for by Westmoreland, SE/Z Construction and/or CS Mechanical or their assigns, successors or agents, which unpaid Labor and materials totaled $18,817.15, plus unpaid interest.

    C. Because the price and/or value of the Labor and Materials contributed by Williams were not paid for by the owner of the Real Estate or its assigns, successors, and agents

3

and payment having been withheld, pursuant to Chapter 35-27 of the North Dakota Century Code, on or about March 5, 2014, Williams duly recorded a construction lien document ("Williams Construction Lien") with the Williams County, North Dakota Recorder's Office as Document Number 781094, which was recorded against the Real Estate.

        D.    That pursuant to the North Dakota Century Code, including sections 35-27-19 and 35-27-22, the Williams Construction Lien is a perfected lien in the amount of $18,817.15, plus accruing unpaid interest, and the Williams Construction Lien is a first priority lien and encumbrance in or upon all of the Real Estate and is prior to and superior to the Plaintiff's interest in the Real Estate and superior to any other mortgage, construction lien, or other encumbrance of record or not.

### AFFIRMATIVE DEFENSES

1. Pending completion of discovery, Williams does aver, and preserve the following defenses to the Second Amended Complaint pursuant to Rule 12, N.D.R.Civ.P.:

   a. There is insufficiency of process and service of process;

   b. The Plaintiff has failed to join a necessary and indispensible party under Rule 19; and

   c. The Court lacks jurisdiction over the subject matter of this action and the person of Defendant Williams.

2. Plaintiff's Second Amended Complaint fails to state a claim against Williams upon which relief may be granted.

3. Upon information and belief, Plaintiff's claims are barred in total or in part by waiver, laches, and/or unclean hands and/or Plaintiff is estopped in making its claims against Williams or objecting to the Williams Construction Lien for among other reasons Plaintiff and its

4

**EXHIBIT "G"**
**Page 4 of 18**

fiduciaries and agents failed to avail themselves of the remedies available to them by law and/or which they contractually bound themselves to, including, but not limited to, their failure to: (i) notify Williams that the Labor and Materials being supplied by Williams were not being made at Plaintiff's instance; (ii) failing to withhold from its payments so much of the contract price as may have been necessary to meet the demands for payment of the Labor and Materials to be furnished by Williams or to obtain the discharge of any lien for such Labor and Materials; (iii) making improper and excessive progress payments, failing to review invoices for accuracy, completeness and conformance with the status, of work completed and materials stored, and; (iv) failing to make payments using joint checks; and/or (v) failing to obtain releases and/or waivers of construction liens arising out of the FedEx Project.

4.      Upon information and belief, and, including, but not limited to, the allegations made by SE/Z Construction in its Amended Answer to Second Amended Complaint, Amended Counterclaims, and Demand for Jury Trial and by Strata in its Answer to the Second Amended Complaint, Williams asserts that Westmoreland and/or SE/Z Construction may have been engaged in making false representations or concealment of material facts, or, at least, which were calculated to convey the impression that the facts were other than those which they now attempt to assert; that the intention of Westmoreland and/or SE/Z Construction, or at least it was the expectation of Westmoreland and/or SE/Z Construction, that such conduct would be acted upon by, or would influence Williams to act to its detriment; and that Westmoreland and/or SE/Z Construction had knowledge, actual or constructive, of the real facts; and as a result Westmoreland and/or SE/Z Construction should be estopped from challenging or objecting to Williams' Construction Lien or denying its obligation for paying for Williams' Labor and

Materials which were necessary costs and expenses called for in the plans and specifications of the FedEx Project and necessarily required for completion of the FedEx Project.

5. Plaintiff's claims for relief are barred in total or in part because of the fault, actions, breach of contract, or inactions of Plaintiff or other third persons or parties for whose actions or omission Williams is not responsible or liable for.

6. Plaintiff has failed to mitigate its damages or losses.

## COUNTERCLAIM AND CROSSCLAIMS

Defendant Williams, for its Counterclaim and Crossclaims alleges as follows:

1. Williams is a corporation authorized to transact business in the State of North Dakota, is engaged in the State of North Dakota in the business of plumbing and heating, and has its principal office at 2313 4th Ave. W #3, Williston, North Dakota 58801-3426.

2. Upon information and belief, Williams is informed and believes that Plaintiff, The Westmoreland Company, Inc. ("Westmoreland") is a corporation who is engaged in the State of North Dakota in the business of real estate development.

3. Upon information and belief, the above-named Defendants are engaged in the business of construction and contracting in the State of North Dakota.

4. Upon information and belief, on or about November 30, 2012, Westmoreland entered into a contract for the construction of a Fed Ex Ground Package System Facility and related improvements ("FedEx Project") on that certain real estate located in the City of Williston, County of Williams, and State of North Dakota more fully described as follows:

> Lot 4, Block 4 of the Bakken Industrial Park Sub-division, City of Williston, County of Williams, North Dakota;
>
> Which real property is also known as: Lots 1 R Through 6R Of The Bakken Industrial Park Subdivision, A Rearrangement Of Lot 4, Block 4 Of The Bakken Industrial Park Subdivision, Being A Portion Of The NWI/4SEI/4,

NE1/4SW1/4 Of Section 24, Township 155N, Range 101W Of The 5th Principal Meridian, City Of Williston, Williams County, North Dakota.

("Real Estate")

5. The contract entered into between Westmoreland and SE/Z Construction called for SE/Z Construction to subcontract with others so as to furnish as part of the FedEx Project certain specified installation of water, sewer and gas lines.

6. Westmoreland, SE/Z Construction and CS Mechanical, and their representatives, requested Williams to provide labor and materials for the installation of water, sewer and gas lines.

7. Westmoreland, SE/Z Construction, and CS Mechanical, and their representatives have failed and/or refused to pay Williams for labor and materials in installing water, sewer and gas lines.

8. At the insistence of Westmoreland, SE/Z Construction, and through their agent CS Mechanical, Williams furnished specified materials and work and Westmoreland, SE/Z Construction and CS Mechanical accepted the same incorporating them into the building on the FedEx Project and the related improvements to the Real Estate.

9. Williams began supplying the Labor and Materials for the FedEx Project on or about March 31, 2013, and continuing thereafter until on or about September 13, 2013.

10. Between March 31, 2013, and September 13, 2013, Williams, at the insistence and request of Westmoreland, SE/Z Construction, and their agent CS Mechanical, Williams furnished and delivered the Labor and Materials for the FedEx Project.

11. Westmoreland, SE/Z Construction, and their agent CS Mechanical have failed and refused to pay for all of the Labor and Materials supplied by Williams. The price and/or value of

the contribution of such labor and materials that was not paid for by Westmoreland, SE/Z Construction, and/or CS Mechanical or their agents totaled $18,817.15.

## COUNT I
## FORECLOSURE OF CONSTRUCTION LIEN AND DECLARATORY RELIEF

12. Williams realleges and incorporates all previous paragraphs by reference.

13. Williams supplied the requested and necessary Labor and Materials for the FedEx Project and such Labor and Materials were incorporated within the FedEx Project and improved the above described Real Estate, but Williams has not been paid for such Labor and Materials.

14. Pursuant to Chapter 35-27 of the North Dakota Century Code, on February 4, 2014, Williams notified Westmoreland, SE/Z Construction and others that Williams was owed from and by them for services, labor, equipment and materials used in the improvement to the Real Estate for the FedEx Project in an amount of $18,817.15. A copy of the Notice of Intent to Lien is attached here as **Exhibit 1.**

15. On March 5, 2014, Williams duly recorded a construction lien ("Williams Construction Lien") with the Williams County Recorder's Office as Document No. 781094, which was recorded against real property located at Bakken Industrial Park, Energy Street, Lot #6R of the Rearrangement of Lot 4, Block 4, Williston, ND 58801, in the County of Williams and State of North Dakota, and legally described as follows:

> The Lot 6R a REARRANGEMENT OF Lot 4 in Block 4 of BAKKEN INDUSTRIAL PARK SUBDIVISION to the City of Williston, Williams County, North Dakota, according to the recorded Plat thereof on file in the office of the Recorder for the said County and State.

A copy of the Lien is attached here as **Exhibit 2.**

16. Upon information and belief, the whole of Real Estate and the improvements thereon is required for the convenient use and occupation of the FedEx Project and the fixtures and appurtenances.

17. As provided for by § 35-27-03, North Dakota Century Code, the Williams Construction Lien attached to the property described in its lien took effect from the time the first item of material or labor was furnished upon the premises for the beginning of the improvement thereto.

18. After the actual and visible beginning of the making of improvements on the Real Estate, including the improvements provided by Williams, Westmoreland executed a real estate mortgage granting Renasant Bank a real estate mortgage ("Mortgage") in a portion of the Real Estate, which mortgage was recorded in the Williams County Recorder's Office as Document No. 773237 on or about November 4, 2013, which mortgage by its own terms did not secure an obligation incurred for the construction of an improvement to the Real Estate.

19. Pursuant to the terms of the Mortgage, Westmoreland is appointed as the agent of Renasant Bank to defend the mortgage lien.

20. The above described Mortgage does not create or constitute a lien on or interest in the Real Estate that is prior to or superior to Williams Construction Lien.

21. Westmoreland and Renasant Bank, and of the above named Defendants herein may claim some right, title or interest in or to the Real Estate each of which claim should be considered junior and inferior to Williams' claim to the property described in its Lien.

22. Pursuant to Chapter 35-27 of the North Dakota Century Code, Williams is entitled to a foreclosure of Williams Construction Lien encumbering the above described property; a determination of the order of priority of all liens and interests in the property described in

Williams' Construction Lien; a payment of all amounts owed Williams and all damages and injuries sustained by Williams from the proceeds generated from a foreclosure sale of the property described in Williams' Construction Lien; and a deficiency judgment in the even the sale proceeds are not adequate to pay all the amounts owed Williams and damages sustained by Williams.

## COUNT II
## UNJUST ENRICHMENT

23. Williams realleges and incorporates all previous paragraphs by reference.

24. In the absence of a contract between Williams and Westmoreland and SE/Z Construction, it is alleged that Williams has been unjustly impoverished and Westmoreland and SE/Z Construction, and their agent CS Mechanical, have been unjustly enriched by virtue of: (i) Westmoreland and SE/Z Construction's receipt and using, without making payment therefor, of Williams' Labor and Materials, which Labor and Material were critical to the completion of the FedEx Project and the facility constructed thereby; (ii) the unpaid Labor and Materials have been incorporated into the FedEx Project so as to complete a new facility; (iii) Westmoreland has leased the new facility constructed with Williams' Labor and Materials to a third-party; (iv) Westmoreland is receiving rental and lease income from the third party's occupation and use of the facility; (v) and SE/Z Construction has received numerous cash payments as a part of completing the FedEx Project totaling more than $2.8 million and as a result thereof has earned profits, mark-up fees, and contractor's fees.

25. There is an absence of justification for Williams to be impoverished and Westmoreland and SE/Z Construction being enriched as a result of the matters set forth above.

26.  That Williams has suffered damages, including, but not limited to, the loss of the Labor and Materials and their value, together with interest thereon at the maximum rate permitted by law.

### PRAYER FOR RELIEF

WHEREFORE, Williams requests the following relief:

1. A judgment dismissing with prejudice Plaintiffs Second Amended Complaint and each and every claim for relief therein.

2. A money judgment awarded in favor of Williams and against Westmoreland and SE/Z Construction, jointly and severally, for Williams' injuries and damages, actual, compensatory and consequential, plus the amount of $18,817.15, together with interest there on at the maximum rate permitted by law; and/or

3. A judgment declaring and adjudging Williams to have a valid, subsisting, and enforceable, first priority construction lien in and on all of the real property as described herein and as described in the Second Amended Complaint and/or a first priority lien in or right to any or all monetary "Funds" which Plaintiff proposes for depositing with the Court, including all buildings and improvements on the real property; and decreeing that that any right, title, or interest in or to the real property and/or Funds by Plaintiff, the Mortgage or any of the other defendants herein are junior and inferior to Williams' claim to the real property by virtue of the Williams Construction Lien; and declaring and determining the priority of any other construction liens, encumbrances, claims, or interests of Williams, the parties to this action or any others.

4. A judgment declaring that the Williams Construction Lien be foreclosed in the usual course of practice of the law and this court; directing the Sheriff of Williams County to sell the real property pursuant to law and the usual practice of this Court, and directing that the

Sheriff of Williams County render and return to this Court a Return and Report of his/her proceedings thereunder, and that she/he shall, out of the proceeds of the sale, retain the amounts of his/her costs, commissions and disbursement of the sale and deliver to the Williams or its attorneys the remainder thereof to be applied on the amount found due Williams in the Judgment rendered herein, plus Williams' costs of sale; and declaring that if the proceeds of the sale be more than sufficient to pay the amount of the costs, commission and disbursements of the Sheriff and/or Williams and the amount due Williams as provided for in the Judgment then the balance thereof shall be tendered and paid to the Clerk of the District Court in which this Judgment is entered and will be subject to the further order of this Court;

5. A provision in the judgment allowing Williams or an agent to Williams to make a credit bid at the sale and to become the purchaser of the real property; and providing that if Williams is the successful highest bidder then Williams' credit bid amount shall be credited as a payment in part or in full up to the amount of the credit bid against the amounts owed Williams as awarded by the Judgment;

6. A provision in the judgment awarding and granting Williams a deficiency judgment against Plaintiff and/or SE/Z Construction in the event the sale proceeds or the amount of the successful credit bid by Williams is not sufficient to pay in full all amounts awarded Williams by the judgment.

7. A judgment declaring that on production of a Sheriffs Deed, the purchaser of the real property be let into possession of the real property;

8. A provision in the judgment awarding Williams the costs of suit, including any amounts paid for verifying and recording Construction Lien, any costs of sale of the real

property, and for such other costs and disbursements, including attorney's fees, if any, as allowed by law.

9. For such other and further relief as the court determines just and equitable.

## DEMAND FOR JURY

Defendant Williams specifically requests and demands a trial by jury on all facts and issues in this action by the maximum number of jurors allowed by law.

DATED this 29th day of September, 2014.

Jessica Penkal Hodges, ND ID #07941
Benjamin L. Refling, ND ID #07942
REFLING HODGES LAW GROUP PLLC
233 Edelweiss Dr Ste 10A
Bozeman, MT 59718
Phone: (406)592-9676
Fax: (406)582-0113
hodges@reflinglaw.com
ben@reflinglaw.com
receptionist@reflinglaw.com
Attorneys for Williams Plumbing & Heating Inc

13

# NOTICE OF INTENTION
## TO CLAIM CONSTRUCTION LIEN

To (by Certified Mail, Return Receipt Requested):

The Westmoreland Company Inc  
200 Randolph Avenue, Ste 200  
Huntsville AL 35801

SE/Z Construction LLC  
c/o CT Corporation, Registered Agent  
314 E. Thayer Avenue  
Bismarck, ND 58501-4018

FedEx Ground  
1000 FedEx Drive  
Moon Township PA 15106

SE/Z Construction LLC  
705 John Adams Pkwy  
Idaho Falls, ID 83401-4023

CS Mechanical  
643 E. Broadway  
Williston ND 58801

    YOU WILL PLEASE TAKE NOTICE Williams Plumbing, Heating & Utilities, Inc. ("Williams") made and entered into a contract with CS Mechanical, as agent of SE/Z Construction LLC, as agent for the owner, The Westmoreland Company Inc, under which and by the agreement, Williams agreed to provide labor, services and materials for real estate improvements upon the following described real property in Williams County, North Dakota:

> The Lot 6R a REARRANGEMENT OF Lot 4 in Block 4 of BAKKEN INDUSTRIAL PARK SUBDIVISION to the City of Williston, Williams County, North Dakota, according to the recorded Plat thereof on file in the office of the Recorder for the said County and State.

The real property is owned by The Westmoreland Company Inc, with an address of 200 Randolph Avenue, Ste 200, Huntsville AL 35801.

CS Mechanical is currently in default on its obligation to pay Williams the sum of $18,817.15, and the undersigned demands that CS Mechanical, FedEx, SE/Z Construction, and The Westmoreland Company Inc, or all of the preceding, make immediate payment to Williams in the amount of $18,817.15 plus interest thereon at legal rate of interest.

NOTICE OF INTENTION TO CLAIM CONSTRUCTION LIEN                                         PAGE 1



EXHIBIT "G"  
Exhibit 1  
Page 14 of 18

Filed - Clerk of District Court  
9/29/2014 12:35:49 PM  
Williams County, ND

You are further advised if you fail and refuse to make payment in said sum to Williams within ten days, Williams will file and perfect a construction lien against the above described property according to the laws of the State of North Dakota.

Dated this 4th day of February, 2014.

                                          Ken Williams, President
                                        Authorized Agent of Williams
                                        Plumbing Heating & Utilities Inc



**781094**
Page: 1 of 3
3/5/2014 2:39 PM
CL          $16.00

WILLIAMS COUNTY, ND

## CONSTRUCTION LIEN

Ken Williams, being first duly sworn on his oath, deposes and says that he is the President of, and authorized agent of Williams Plumbing, Heating & Utilities, Inc. ("Williams") having its office and place of business at 2131 Industrial Drive, Bozeman, MT 59715, and he makes this Affidavit for and on behalf of Williams.

On or about March 31, 2013, Williams began furnishing labor and materials for improvements upon the real estate herein described, and pursuant to the contract made with CS Mechanical, 643 E. Broadway, Williston ND 58801, as the agent of SE/Z Construction, 705 John Adams Pkwy, Idaho Falls, ID 83401-4023, as the agent of the owner of the real property, for work on the Fed Ex Ground Distribution Facility.

The owner of said real estate is The Westmoreland Company Inc, with an address of 200 Randolph Avenue, Ste 200, Huntsville AL 35801. The real estate is located at Bakken Industrial Park, Energy Street, Lot #6R of the Rearrangement of Lot 4, Block 4, Williston, ND 58801, in the County of Williams and State of North Dakota, and legally described as follows:

> The Lot 6R a REARRANGEMENT OF Lot 4 in Block 4 of BAKKEN INDUSTRIAL PARK SUBDIVISION to the City of Williston, Williams County, North Dakota, according to the recorded Plat thereof on file in the office of the Recorder for the said County and State.

Under and pursuant to said agreement, and with the knowledge and consent of the owner, Williams, among other things, provided materials and labor for installation of water, sewer and gas lines.

That beginning on March 31, 2013, and ending on the last date of service, September 13, 2013, and, after allowing all due credits, there is due and owing thereon the sum of Eighteen thousand eight hundred seventeen and 15/100 ($18,817.15) Dollars as of September 13, 2013, plus interest thereon at the legal rate from and after September 13, 2013, for which a construction lien is hereby claimed by Williams on the building and on the land in which

1



**781094**
Page: 2 of 3
3/5/2014 2:39 PM
CL    $16.00

WILLIAMS COUNTY, ND

the same is situated, under and by virtue of said statutes of the State of North Dakota in such cases made and provided.

Ken Williams, President for and authorized agent of, Williams, further deposes and says said materials and labor were furnished with the express or implied knowledge and consent of the owners and under the agreement as aforesaid, and due and written demand of said account has been made upon the owner as provided by statutes.

Dated this 4th day of February, 2014.

Ken Williams,
President of Williams Plumbing,
Heating & Utilities, Inc.

2

**EXHIBIT "G"**
**Page 17 of 18**

STATE OF MONTANA  )
                   ss.:
County of Gallatin )

    Ken Williams, President and authorized agent of Williams Plumbing, Heating & Utilities, Inc., upon oath, deposes and says that he has read the above and foregoing Construction Lien, knows the contents thereof and that the same is true to the best of his knowledge, information and belief.

_____
Ken Williams,
President of Williams Plumbing,
Heating & Utilities, Inc.

Subscribed and sworn to before me this 4th day of February, 2014.

_____
Notary Public, State of Montana

Quin Williams
Notary Public
for the State of Montana
Residing at:
Bozeman, Montana
My Commission Expires:
November 08, 2014

**781094**
Page: 3 of 3
3/5/2014 2:39 PM
WILLIAMS COUNTY, ND         CL         $16.00

COUNTY RECORDER, WILLIAMS COUNTY, ND         3/5/2014  2:39 PM
I certify that this instrument was filed and recorded
Kari Evenson, County Recorder
by_____ Deputy  781094

3

**EXHIBIT "G"**
**Page 18 of 18**